UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ERIC MONSERRATE, *et al.*,

        Plaintiffs,                                     MEMORANDUM
                                                          AND ORDER
   -against-

                                                          11 CV 6090 (RML)

TEQUIPMENT, INC., *et al.*,

        Defendants.
---------------------------------------------------------X

LEVY, United States Magistrate Judge:

       This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). By order dated October 15, 2012, I granted final approval of the collective action settlement in this Fair Labor Standards Act ("FLSA") case. The only outstanding issue is plaintiffs' motion for attorney's fees and costs. Class counsel seeks an award of attorney's fees in the amount $620,000, which represents twenty percent (20%) of the Settlement Fund (the "Fund"), and reimbursement of $9,543.10 in out-of-pocket expenses. (See Memorandum of Law in Support of Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses, dated Sept. 28, 2012 ("Pls.' Mem.").) Defendants object on the ground that the fee request is excessive, and instead propose that counsel be awarded $300,000 in fees, with the remaining $320,000 to be distributed to the class members. (See Memorandum of Law in Opposition to Plaintiff's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses, dated Oct. 8, 2012 ("Defs.' Mem.").)

       "Fee awards in wage-and-hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09

CV 486, 2012 WL 5305694, at *7 (E.D.N.Y. Oct. 4, 2012) (quoting Sand v. Greenberg, No. 08 CV 7840, 2010 U.S. Dist. LEXIS 69359, at *9 (S.D.N.Y. Jan. 7, 2010)). Therefore, attorneys who create a common fund from which members of a class are compensated are entitled to "a reasonable fee—set by the court—to be taken from the fund." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47 (2d Cir. 2000) (internal citation omitted). In FLSA actions, courts typically employ either a "percentage of the fund" or lodestar approach to determining appropriate fees, but "[t]he trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases like this one." Matheson v. T–Bone Rest., L.L.C., No. 09 CV 4214, 2011 WL 6268216, at *4 (S.D.N.Y. Dec. 13, 2011) (citing McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010)). This is because:

> [T]he percentage method directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation. . . . [It] is also the most efficient means of rewarding the work of class action attorneys, and avoids the wasteful and burdensome process—to both counsel and the courts—of preparing and evaluating fee petitions. . . .

Chavarria v. N.Y. Airport Serv., L.L.C., No. 10 CV 1930, 2012 WL 2394797, at *10–11 (E.D.N.Y. June 25, 2012) (quoting In re Lloyd's Am. Trust Fund Litig., No 96 CV 1262, 2002 WL 31663577, at *25 (S.D.N.Y. Nov. 26, 2002)). In addition, the percentage method is intended to mirror the private marketplace, where contingent fee attorneys typically negotiate percentage fee arrangements with their clients. See In re Am. Bank Note Holographics, Inc., 127 F. Supp. 2d 418, 432 (S.D.N.Y. 2001).

Following the Second Circuit's decision in Goldberger, 209 F.3d 43, courts consider the following factors to confirm the reasonableness of a fee award: (1) the time and

labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Wal–Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121–22 (2d Cir. 2005) (citing Goldberger, 209 F.3d at 50).

Analyzing the first factor—time and labor expended by counsel—is effectively the equivalent of using the lodestar calculation "[a]s a 'cross-check' to a percentage award." Wal–Mart Stores, 396 F.3d at 123; see also Johnson v. Brennan, No. 10 CV 4712, 2011 WL 4357376, at *16 (S.D.N.Y. Sept. 16, 2011). Under Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008), a court calculating a "presumptively reasonable" fee award must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Reasonable hourly rates are determined by reference to, inter alia, fees in the community in which the action is pending and the skill and experience of the attorney who worked on the matter. See, e.g., Luciano v. Olsten Corp., 109 F.3d 111, 115–16 (2d Cir. 1997). See generally Arbor Hill, 522 F.3d at 184. The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. See Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, plaintiffs' counsel states that the lodestar amount is approximately $125,089.50. (Declaration of Brent E. Pelton, Esq., sworn to Sept. 28, 2012 ("Pelton Decl."), ¶ 8, Ex. A.). Counsel reached this number using the following hourly rates: $425 for Brent Pelton (a partner with eleven years of experience in FLSA cases); $275 for Taylor Graham (a 2011 law school graduate); $275 for Nick Maxwell (a 2011 law school graduate); $225 for

Michelle Quinn (a 2011 law school graduate); and a sliding rate of $125 to $200 for paralegals. (Id., Ex. A.)  Defendants correctly note that these rates exceed those typically awarded in the Eastern District of New York in similar cases.  See Sacardi v. Green Field Churrascaria, Inc., No. 10 Civ. 5605, 2012 WL 4979195, at *1 (E.D.N.Y. Oct. 17, 2012) (observing that "'[o]verall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants.'") (quoting Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007)); see also Jemine v. Dennis, No. 08 CV 3072, 2012 WL 4482769, at *23 (E.D.N.Y. Sept. 28, 2012) (stating that "the prevailing hourly rates for partners in this district are between $300 and $400" and recommending that junior associates be compensated at the rate of $150 per hour); Lochren v. County of Suffolk, No. 01 CV 3925, 2010 WL 1207418, at *3 (E.D.N.Y. Mar. 23, 2010) (awarding attorney with twelve years of experience an hourly rate of $375).

    Plaintiffs' counsel also claims to have spent 371 attorney and paralegal hours on this matter.  However, this case was settled after mediation, without formal discovery or any significant litigation.  Therefore, that number should be reduced.  Where, as here, the application for fees is voluminous, the court may order an across-the-board percentage reduction in compensable hours.  E.g., In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (explaining that "the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'") (citation omitted).  I find a twenty percent reduction in plaintiff's counsel's billing records appropriate, which results in a lodestar of $107,071.60.

Even with a lodestar of $125,089.50, class counsel's request for $620,000 results in a "lodestar multiplier" of close to five. Defendants' suggested fee award of $300,000 is 2.39 times the lodestar amount. Courts regularly award multipliers from two to six times the lodestar. See, e.g., In re Lloyd's Am. Trust Fund Litig., 2002 WL 31663577, at *27 (multiplier of 2.09 times the lodestar); Maley v. Del Global Techs. Corp., 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (multiplier of 4.65); In re NASDAQ MarketMakers Antitrust Litig., 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (multiplier of 3.97); Roberts v. Texaco, Inc., 979 F. Supp. 185, 197 (S.D.N.Y. 1997) (multiplier of 5.5); In re RJR Nabisco, Inc. Sec. Litig., No. 88 CV 7905, 1992 WL 210138, at *5 (S.D.N.Y. Aug. 24, 1992) (multiplier of 6). However, "[a] negative multiplier of plaintiff counsel's lodestar is not out of the ordinary in common fund cases, particularly where awarding a positive multiplier of the lodestar may 'swallow up' a significant portion of the settlement funds." Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2007 WL 1944343, at *5 (S.D.N.Y. July 5, 2007) (collecting cases), aff'd in part, remanded in part on other grounds, 473 F.3d 423 (2d Cir. 2007). Thus, class counsel's request, while not atypical, is on the high end.[1]

As to the second and third Goldberger factors–"the magnitude and complexities of the litigation" and "the risk of [contingency] litigation"–the issues plaintiffs faced were not significantly different or greater than those faced by plaintiffs in other similar class action cases. See Sines v. Serv. Corp. Int'l, No. 03 CV 5465, 2006 WL 1148725, at *3 (S.D.N.Y. May 1,

---

[1] On the other hand, this calculation is meant to serve as a rough indicator of the propriety of a fee request, not as a litmus test. See In re Rite Aid Corp. Secs. Litig., 396 F.3d 294, 307 (3d Cir. 2005) ("the resulting multiplier need not fall within any pre-defined range, provided that the District Court's analysis justifies the award").

2006) ("The claims, here, involved no issues of exceptional difficulty. . . . It is, at bottom, a suit for unpaid overtime[.]").

With respect to the fourth Goldberger factor, I find that counsel was well–qualified to conduct this litigation. Mr. Pelton appeared before me numerous times and I had the opportunity to observe that he had a good grasp of the facts and the legal issues in this case and capably handled settlement discussions. In addition, class counsel will likely be required to perform more work on behalf of the class, including assisting with the administration of the settlement and answering class members' questions.[2] See Khait v. Whirlpool Corp., No. 06–CV–6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (noting that "Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward[.]")

As to the fifth Goldberger factor– "the requested fee in relation to the settlement"– it is true that a fee of twenty percent of the settlement is consistent with fees granted in other class actions. See, e.g., In re Bristol Myers Squibb Sec. Litig., No. 06–CV–2925, 2007 WL

---

[2] It also bears noting that no class members have objected to counsel's requested fee award. That does not relieve the court of its independent obligation to assess the fairness and reasonableness of the request. See In re Diet Drugs Prods. Liab. Litig., No. MDL 1203, 2010 WL 3292787, at *9 (E.D. Pa. Aug. 19, 2010) ("The absence of even one objection to the current fee petition weighs in favor of granting it but does not negate our independent obligation to ensure its reasonableness"). It is, however, "a factor that weighs in favor of approval of the award." Davis v. J.P. Morgan Chase & Co., 827 F. Supp. 2d 172, 183 (W.D.N.Y. 2011). See also In re AT & T Corp., 455 F.3d 160, 169 (3d Cir. 2006) (noting "the absence of substantial objections to the requested attorneys' fees" as a factor supporting approval of fee award). That makes sense, since one of the primary reasons courts must evaluate the reasonableness of a fee award is to protect the interests of the class. See, e.g., Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003); Strong v. BellSouth Telecomms., Inc., 137 F.3d 844, 849 (5th Cir. 1998).

2153284, at *1–2 (3d Cir. July 27, 2007) (affirming award of 19.77% of $36 million settlement fund); In re EVCI Career Colleges Holding Corp. Sec. Litig., No. 05 Civ. 10240, 2007 WL 2230177, at *17 (S.D.N.Y. July 27, 2007) (awarding eighteen percent of $7,725,000 settlement fund); Sines, 2006 WL 1148725 (awarding twenty percent of $4,450,000 settlement fund); Varljen v. Meyers & Co., No. 97 Civ. 6742, 2000 WL 1683656, at *5 (S.D.N.Y. Nov. 8, 2000) (awarding twenty percent of $5,040,750 settlement fund); In re Health Mgmt. Sys., Inc., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (awarding twenty percent of $4,500,000 settlement fund). At the same time, defendants point out that an award of $620,000 would equate to an hourly rate of $1,550, which is far above the standard hourly rate in this district.

Finally, as to the sixth Goldberger factor–"public policy considerations"– a fee award must balance the public policy of enforcing the FLSA with the "overarching concern for moderation." See Goldberger, 209 F.3d at 53.

In sum, I find that a fee award of $465,000 which provides a 4.34 multiplier of the reduced lodestar and constitutes fifteen percent of the $3,100,000.00 Settlement Fund, is a fair and reasonable fee under Goldberger and related cases and should adequately compensate class counsel for its time and effort, for the risk it faced in this case, and for the high quality of its representation. Moreover, that reduced fee award will allow additional monies to be distributed to class members.

Class counsel are also entitled to reimbursement of their reasonable litigation expenses. See In re Indep. Energy Holdings PLC Sec. Litig., 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Here, class counsel's out–of–pocket expenses, including filing fees, postage, transportation, working meals, photocopies, and a mediator's fee, are reasonable and were

incidental and necessary to the representation of the class, and defendants do not object to the request. Counsel is therefore awarded $9,543.10 in expenses.

Class counsel is directed to submit a proposed Final Judgment consistent with this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
November 16, 2012

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge